## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELMER SANCHEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>        Plaintiff,<br><br>v.<br><br>MILLIE'S SPRING VALLEY, LLC<br>d/b/a MILLIE'S SPRING VALLEY<br>4911 Loughboro Road NW<br>Washington, DC 20016<br><br>ROBERT BLAIR<br>4911 Loughboro Road NW<br>Washington, DC 20016<br><br>DAVID M. SCRIBNER<br>146 Frazier Road<br>Warrenton, VA 20186<br><br>        Defendants. | Civil Action No. _____ |

## COMPLAINT

1.      While Plaintiff worked at Millie's Spring Valley, Defendants paid him a flat biweekly salary that denied him overtime wages.

2.      Plaintiff brings this action to recover damages for Defendants' willful failure to pay over-time wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28

U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this

district, or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred

in this district.

**Parties**

5.      Plaintiff Elmer Sanchez is an adult resident of the District of Columbia.

6.      Defendant Millie's Spring Valley, LLC is a District of Columbia corporate entity. It does

business as Millie's Spring Valley. Its principal place of business is located at 4911 Loughboro

Road NW, Washington, DC 20016. Its registered agent for service of process is Jecca Corporate

Services, Inc., 1225 19th Street NW, Suite 320, Washington, DC 20036.

7.      Defendant Robert Blair is an adult resident of the District of Columbia. He resides at

4911 Loughboro Road NW, Washington, DC 20016. He is an owner and officer of Defendant

Millie's Spring Valley, LLC. He exercises control over the operations of Millie's Spring Valley,

LLC — including its pay practices.

8.      Defendant David M. Scribner is an adult resident of Virginia. He resides at 146 Frazier

Road, Warrenton, VA 20186. He is an owner and officer of Defendant Millie's Spring Valley,

LLC. He exercises control over the operations of Millie's Spring Valley, LLC — including its

pay practices.

**Factual Allegations**

9.      Defendants own and operate the restaurant Millie's Spring Valley, located at 4866 Massa-

chusetts Avenue NW, Washington, the District of Columbia, 20016.

10.     Plaintiff worked at Millie's Spring Valley from approximately May 1, 2017 through ap-
proximately November 25, 2019.

11.     Plaintiff worked at Millie's Spring Valley as a kitchen laborer.

12.     Plaintiff's job duties at Millie's Spring Valley primarily consisted of cutting vegetables,
preparing and cooking food, and cleaning the restaurant.

13.     Prior to approximately May 1, 2018, Plaintiff typically and customarily worked fifty-five
hours per week.

14.     Starting on approximately May 1, 2018, Plaintiff typically and customarily worked six
days per week.

15.     Starting on approximately May 1, 2018, Plaintiff typically and customarily worked sev-
enty hours per week.

16.     At all relevant times, Defendants paid Plaintiff a biweekly salary.

17.     Defendants paid Plaintiff approximately the following biweekly salaries:

| Approximate Dates | Biweekly Salary | Effective Hourly Rate |
|---|---|---|
| May 1, 2017–Apr. 30, 2018 | $1,760.00 | $16.00 |
| May 1, 2018–Nov. 25, 2019 | $2,380.00 | $17.00 |

18.     For example, for Plaintiff's work from June 8, 2019 to June 21, 2019, Defendants pro-
vided Plaintiff with the following biweekly paystub. As indicated on the paystub, Plaintiff
worked 140 hours in this two-week period. And Defendants paid him his flat biweekly salary of
$2,380.00 for his hours worked:

3

| PERSONAL AND CHECK INFORMATION | EARNINGS | DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|---|---|
| Elmer Sanchez | | Salary | M140.00 | | 2380.00 | M1820.00 | 30940.00 |
| 1610 Park Rd NW | | Total Hours | 140.00 | | | 1820.00 | |
| Apt 116 | | Gross Earnings | | | 2380.00 | | 30940.00 |
| Washington, DC 20010 | | Total Hrs Worked | 140.00 | | | | |
| Soc Sec #: xxx-xx-xxxx   Employee ID: 10 | | | | | | | |

| WITHHOLDINGS | DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|---|---|---|---|---|
| Home Department: 3 Back of House | Social Security | | 147.56 | 1918.28 |
| | Medicare | | 34.51 | 448.63 |
| Pay Period: 06/08/19 to 06/21/19 | Fed Income Tax | M 4 | 138.68 | 1802.84 |
| Check Date: 06/27/19   Check #: 5722 | DC Income Tax | J 4 | 97.82 | 1271.66 |
| NET PAY ALLOCATIONS | | | | |

| DESCRIPTION | THIS PERIOD ($) | YTD ($) | | TOTAL | | 418.57 | 5441.41 |
|---|---|---|---|---|---|---|---|
| Check Amount | 0.00 | 0.00 | | | | | |
| Chkg 8397 | 1961.43 | 25498.59 | | | | | |
| NET PAY | 1961.43 | 25498.59 | | | | | |

19.     At all relevant times, Defendants paid Plaintiff by direct deposit.

20.     At all relevant times, Plaintiff worked more than forty hours per workweek for Defendants.

21.     At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

22.     At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty in a workweek.

23.     Defendants owe Plaintiff approximately $27,150.00 in overtime wages (excluding liquidated damages).

24.     Defendant Robert Blair set the restaurant hours of operation.

25.     Defendant Robert Blair and David M. Scribner set Plaintiff's pay rate.

26.     Defendant David M. Scribner set Plaintiff's work schedule.

27.     At all relevant times, Defendants had the power to hire and fire Plaintiff.

28.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

29.     At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

30.     At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

31.     At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times Plaintiff's regular rate for all hours worked in excess of forty hours in any one workweek.

32.     At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

33.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

34.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

35.     At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

36.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

37.     Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

38.     The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

39.     Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

40.     Defendants' violations of the FLSA were willful.

41.     For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

**COUNT II**

**FAILURE TO PAY OVERTIME WAGES UNDER THE DCMWA**

42.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

43.     Each defendant was an "employer" of Plaintiff within the meaning of the DCMWA. D.C. Code § 32-1002(3).

44.     The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

45.     Defendants violated the DCMWA by knowingly failing to pay Plaintiff at least one and one-half times Plaintiff's regular hourly rate for hours worked in excess of forty hours in any one workweek.

46.     Defendants' violations of the DCMWA were willful.

47.     For Defendants' violations of the DCMWA, Defendants are liable to Plaintiff for unpaid overtime wages, an amount equal to three times the unpaid overtime wages as liquidated damages, court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

**COUNT III**

**FAILURE TO PAY WAGES UNDER THE DCWPCL**

48.     Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

49.     Each defendant was an "employer" of Plaintiff within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

50.     The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

51.     The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

52.     For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, and overtime wages. D.C Code § 32-1301(3).

53.     Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiff all wages due, including overtime wages.

54.     Defendants' violations of the DCWPCL were willful.

55.     For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court. *See Martinez v. Asian 328, LLC*, 220 F. supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.")

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**113,500.00**, and grant the following relief:

a.      Award Plaintiff $108,600.00, consisting of the following overlapping elements:

i.       unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

ii.      unpaid overtime wages, plus three times the amount of unpaid wages as

liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

iii.     unpaid overtime wages, plus three times the amount of unpaid wages as

liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4)

and 32-1308;

b.      Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c.      Award Plaintiff attorney's fees and expenses computed pursuant to the matrix ap-

proved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated

to account for the current market hourly rates for attorney's services, pursuant to the

DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $4,500.00);

d.      Award Plaintiff court costs (currently, $400.00); and

e.      Award any additional relief the Court deems just.


Date: January 23, 2020                                    Respectfully submitted,

                                                          /s/ Justin Zelikovitz
                                                          JUSTIN ZELIKOVITZ, #986001
                                                          DCWAGELAW
                                                          519 H Street NW
                                                          Washington, DC 20001
                                                          Phone: (202) 803-6083
                                                          Fax: (202) 683-6102
                                                          justin@dcwagelaw.com

                                                          *Counsel for Plaintiff*